CAMBRIDGE FILTER CORPORATION,
Plaintiff,

v.

INTERNATIONAL FILTER CO., INC., Defendant.

No. CIV-R-82-235-ECR.

United States District Court,
D. Nevada.

Sept. 29, 1982.

Lawrence J. Semenza, Reno, Nev., and Jeffrey J. Parish and Robert J. Yorio, San Francisco, Cal., for plaintiff.

William F. Alderman, San Francisco, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant has moved, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the Northern District of California. Eleven days prior to the filing of the complaint herein, Plaintiff initiated an action in the Northern District of California against its former employee, Ralph E. Menser. The complaint there is virtually identical to the one here as to claims for relief alleging misappropriation of trade secrets, interference with prospective economic advantage and unfair competition. The complaint against Menser also contains claims for relief based on breach of agreement and breach of fiduciary duty, which claims are not made against Defendant here. Injunctive relief is sought in both actions.

28 U.S.C. § 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The burden of establishing that an action should be transferred is on the moving party. *Los Angeles Memorial Coliseum Comm'n v. National Football League,* 89 F.R.D. 497, 499 (C.D.Cal.1981). In order that the action "might have been brought" in the proposed transferee district, the court there must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court. *Intern. Patent Development v. Wyomont Partners,* 489 F.Supp. 226, 229 (D.Nev.1980).

This action being between a New York corporation and a Nevada corporation, and more than $10,000 being involved, the Northern District of California Court would have diversity jurisdiction. 28 U.S.C. § 1391(c) specifies that, for venue purposes, a corporation's residence is in any judicial district in which it is doing business. Defendant is doing business in the Northern District of California. Subsection (a) of the same statute provides that a diversity action may be brought in the judicial district where all defendants reside or in which the claim arose. A claim arises in any district with which the occurrences giving rise to the claim have significant contact. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1289 (9th Cir. 1977); *Commercial Lighting Prods., Inc. v. U.S. Dist. Ct.,* 537 F.2d 1078, 1080 (9th Cir. 1976). Thus, venue in the proposed transferee forum appears proper whether based on the residence of the defendant or where the claim arose. As to amenability to service of process, Fed.R. Civ.P. 4(f) authorizes process issued by a U.S. district court to be served anywhere within the State in which it sits. Defendant therefore, could be served with process out of the Northern District of California Court. The conclusion is reached that this action "might have been brought" in that District.

Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results. *Maxlow v. Leighton,* 325 F.Supp. 913, 916 (E.D.Pa.1971). The waste of judicial resources and inconvenience to parties and witnesses are manifest when the same issues arising from the same transactions are litigated in two different courts. *E.I. DuPont de Nemours & Co. v. Diamond Shamrock Corp.,* 522 F.Supp. 588, 592 (D.Del.1981). Transfer may be appropriate even where there are different defendants

in the two actions. *Pesin v. Goldman, Sachs & Co.,* 397 F.Supp. 392, 394 (S.D.N.Y. 1975); *Can-Base Productions, Ltd. v. Portrait Records,* 445 F.Supp. 777, 778 (S.D.N.Y.1978). Since common questions of law and fact are involved, consolidation of the instant action with the one pending in the Northern District of California is a possibility. The feasibility of consolidation is a significant factor in deciding a transfer motion. *A.J. Industries, Inc. v. U.S. Dist. Ct., C.D. of Cal.,* 503 F.2d 384, 389 (9th Cir. 1974). Plaintiff has argued that unified discovery would not be appropriate here, because of the need to protect trade secrets. Thus, it would not want a representative of Defendant to sit in on any deposition of Mr. Menser. This would weigh against consolidation, and even transfer, but would not constitute an insurmountable barrier to either. Protective orders and special arrangements could be made to prevent disclosure of confidential matters.

█ In deciding a transfer motion, consideration must be given the issues listed in 28 U.S.C. § 1404(a); that is, the convenience of the parties and witnesses, and the interest of justice. *Los Angeles Memorial Coliseum Comm'n v. National Football League,* 89 F.R.D. 497, 499 (C.D.Cal.1981). In addition, the factors weighed under the old doctrine of *forum non conveniens* should be considered. *Ibid.; Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). These include the relative ease of access to sources of proof, availability of compulsory process to obtain the attendance of unwilling witnesses, and the cost of arranging for the attendance of willing witnesses. *Los Angeles Memorial Coliseum Com'n, supra* at 499.

█ A primary concern is the convenience of witnesses. *Id.* at 501; *Coats Co., Inc. v. Vulcan Equipment Co., Inc.,* 459 F.Supp. 654, 657 (N.D.Ill.1978). The former case points out that depositions are a poor substitute for live testimony, especially where vital issues of fact may hinge on credibility. Both cases emphasize that the availability of compulsory process to compel the attendance of unwilling witnesses is an important factor. Plaintiff has indicated that its potential witnesses live in New York and California. Defendant has noted that the majority of its witnesses reside in California and the rest are as conveniently located to San Francisco as to Reno. There are no witnesses who live in Nevada. Fed. R.Civ.P. 45(e) provides that a subpoena may be served anywhere within the state where the district court sits provided that state statute authorizes such state-wide service for subpoenas issued by its own courts of general jurisdiction. California has such a statute. Calif.Code of Civ.Proc. § 1989. As a result, attendance of witnesses from throughout California could be compelled through subpoenas issued by the proposed transferee court.

█ The *Los Angeles Memorial Coliseum Comm'n* opinion notes, at page 501, that the cost of counsels' transportation to the place of trial (and their living expenses there) must be borne by the parties; therefore, this item has a direct bearing on the factors of convenience and cost. All but one counsel for the parties in both cases here involved reside in the San Francisco Bay area. Further, there is an appropriateness in holding the trial of a diversity case in a forum that is at home with the governing state law. *Van Dusen v. Barrack,* 376 U.S. 612, 645, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964). This Court heretofore has held that California's law shall apply to this action.

█ It is true that a plaintiff's choice of forum should not be lightly disturbed where the forum chosen is the plaintiff's domicile and has a significant connection with the subject matter of the case. *Los Angeles Memorial Coliseum Comm'n, supra* at 499. In this case, however, neither of those factors exists. The facts that Nevada is Plaintiff's choice of forum and Defendant's state of incorporation, standing alone, do not satisfy the criteria of § 1404(a). *Jahncke Service, Inc. v. OKC Corp.,* 301 F.Supp. 866, 868 (D.Del.1969).

IT IS, THEREFORE, HEREBY ORDERED that Defendant's motion for an order transferring this action to the United States District Court for the Northern District of California be, and the same hereby is, GRANTED.