**Martin HORWITZ, individually in Claims 1, 3 and 4 and derivatively in the right of Southwest Forest Industries, Inc., in Claims 2 and 3, Plaintiff,**

v.

**SOUTHWEST FOREST INDUSTRIES, INC., and William A. Franke, Defendants.**

No. CV–R–84–467–ECR.

United States District Court, D. Nevada.

June 21, 1985.

John Frankovich, Reno, Nev., and Allan R. Tessler, Sheldon D. Camhy, Kurt Hunciker and John G. Nicolich, New York City, for plaintiff.

Albert F. Pagni, Reno, Nev., Charles F. Richards, Jr., Donald A. Bussard, Jesse A. Finkelstein, Gregory P. Williams, Gregory V. Vallallo, C. Stephen Bigler, Allen M. Terrell, Jr., Wilmington, Del., for Southwest.

Peter D. Laxalt, Richard L. Davenport, Reno, Nev., for William Franke.

### MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiff is a shareholder of defendant Southwest Forest Industries, Inc. (SFI).

Defendant Franke is the president, chief executive officer, and a member of the board of directors of SFI. Nevada is the State of incorporation of SFI, but its principal place of business is in Arizona. Mr. Franke is a resident of Arizona. The plaintiff is a citizen of New York.

Four claims for relief are set forth in the complaint. Two invoke diversity jurisdiction and the other two, federal question. Essentially, the plaintiff contends that "poison pill" warrants or rights issued as a dividend by SFI violate the laws of Nevada by adversely affecting the rights of the shareholders vis-a-vis the corporation. Also, the Securities Exchange Act of 1934 allegedly has been infringed by a false and misleading press release issued by the defendants in connection with the poison pill warrants. Defendant Franke caused SFI to commit the wrongful acts, according to the pleading, and breached his fiduciary duties to the corporation and its shareholders in the process.

Mr. Franke has filed a motion to dismiss on the ground that this Court lacks personal jurisdiction over him. In the alternative, the motion asks that the action be transferred to the United States District Court for the District of Arizona, Phoenix Division, pursuant to 28 U.S.C. § 1404(a). The alternative motion, that is, to transfer the action, will be granted for the reasons set forth herein. Therefore, the motion to dismiss will not be discussed. Defendant SFI has made its own motion to transfer the action to the Phoenix Division. It has adopted Mr. Franke's points and authorities in support of its motion. Its own motion to dismiss, based on grounds different than Mr. Franke's, won't be treated herein.

The defendants' factual points are as follows: Mr. Franke and all other officers of SFI who have knowledge of the rights plan reside in Arizona. No members of the corporation's board of directors reside in Nevada. The plaintiff is not a resident of Nevada, either. Depositions already noticed by the plaintiff indicate a number of potential witnesses reside in New York. The executive offices of SFI are in Phoenix. The rights plan was adopted by the board of directors at a meeting in that city. Documentary evidence relevant to this lawsuit is maintained in the Phoenix offices.

The affidavit of Mr. Franke, in support of the motion, further declares that he never has been a resident of Nevada and has not even been in this State for the last five years. Nor does he have any business activities here. The affidavit states that SFI has no place of business in Nevada; it merely has designated a resident agent, as required of all corporations incorporated under the State's laws.

In his opposing memorandum of points and authorities, the plaintiff notes that his choice of forum should not be disturbed unless the interests of justice and the convenience of parties and witnesses heavily favor transfer. He argues that the venue provisions of the Securities Exchange Act reflect a national policy to minimize the burden on plaintiffs in suits brought under the Act. Mr. Horwitz emphasizes that, as a substantial shareholder of a Nevada corporation (SFI), he is seeking the protection of this State's laws in trying to keep miscreant management from damaging shareholders as it violates those laws. The governance of the corporation and its relationship with its stockholders are internal affairs that are controlled by Nevada law and, thus, mandate a Nevada forum, he urges.

28 U.S.C. § 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The "might have been brought" language requires that the proposed transferee court have subject matter jurisdiction, that venue be proper there, and that the defendants be amenable to service of process issued by that court. *Leesona Corporation v. Duplan Corporation*, 317 F.Supp. 290, 292–3 (D.R.I.1970). There doesn't appear to be any dispute that the Phoenix Division of the U.S. District Court of the District of Arizona qualifies. Defendant Franke resides there. Defendant

SFI's principal place of business is there, so that the District of Arizona may be regarded as the residence of the corporation for venue purposes. 28 U.S.C. § 1391(c). Nevertheless, a plaintiff's choice of forum shouldn't be disturbed unless the reasons for transfer are clear and cogent. *Williams v. Green Bay & W.R. Co.*, 326 U.S. 549, 554 n. 4, 66 S.Ct. 284, 287 n. 4, 90 L.Ed. 287 (1946); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ § 1404(a) itself indicates that the convenience of the parties, the convenience of the witnesses and the interest of justice must be considered by a court entertaining a change of venue motion. Where, as here, the forum chosen by the plaintiff is not his place of residence, the defendants' residence becomes more important in determining the convenience of the parties. *Quandt v. Beech Aircraft Corporation*, 317 F.Supp. 1009, 1011–12 (D.Del.1970); *Cambridge Filter Corp. v. International Filter Co.*, 548 F.Supp. 1308, 1311 (D.Nev. 1982). It would seem to be equally inconvenient for a New York citizen like Mr. Horwitz to litigate in either Phoenix or Reno. On the other hand, it would be markedly more convenient for both defendants if the proceedings were conducted in Phoenix. The convenience of witnesses is of considerable importance. *Id.; Los Angeles, etc. v. Nat. Football League*, 89 F.R.D. 497, 501 (C.D.Cal.1981), *aff'd on oth. gds.* 726 F.2d 1381 (9th Cir.1984). The record here does not suggest that any witnesses will be from Nevada, whereas it is apparent that there will be some from the Phoenix area because significant activities complained of by the plaintiff occurred at SFI's corporate headquarters. There would be less disruption of those witnesses' routines and those of their employers were the action transferred to Phoenix. *Helfant v. Louisiana & Southern Life Ins. Co.*, 82 F.R.D. 53, 58 (E.D.N.Y.1979). The interest of justice would be as well served in Phoenix as in Reno. No prejudice to the plaintiff would result from the transfer. The residence of Mr. Horwitz is not Nevada, therefore a court located in this State would not have a particular interest in protecting him as a resident shareholder. *See Id.; Edgar v. Mite Corp.*, 457 U.S. 624, 644, 102 S.Ct. 2629, 2641, 73 L.Ed.2d 269 (1982); *Koster v. Lumbermens Mutual Co.*, 330 U.S. 518, 525, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947).

■ Ease of access to sources of proof is another factor favoring transfer of the action to Phoenix, for some of SFI's records, which are maintained there, figure to be relevant in the trial. *Id.* at 526, 67 S.Ct. at 833; *Kreisner v. Hilton Hotel Corp.*, 468 F.Supp. 176, 179 (E.D.N.Y.1979); *Helfant, supra* at 59. Also supportive of the transfer is the availability of compulsory process to obtain attendance of unwilling witnesses. A non-party witness may not be compelled to attend trial unless served within the district or, if served outside the district, within 100 miles of the place of trial. Fed. R.Civ.P. 45(e). Therefore, the Arizona witnesses could not be brought unwillingly to testify at trial in Nevada, as they could be in Phoenix. This is a factor of some importance. *Los Angeles, Etc. v. Nat. Football League, supra* at 89 F.R.D. 501; *Kreisner, supra* at 178.

The subjective intent of defendant Franke and the other directors of SFI is at issue, for part of the plaintiff's theory is that they were acting in their own self-interest in violation of their fiduciary duties to the corporation and its shareholders. The credibility of witnesses assumes a greater importance in such case, thus rendering less satisfactory the use of deposition testimony of witnesses who can't be compelled to come to the trial. *Helfant, supra* at 58; *Los Angeles, Etc., supra* at 89 F.R.D. 501; *Cambridge Filter Corp. v. International Filter Co., supra* at 1311.

■ Matters peculiar to the relationships among a corporation, its officers, its directors and its stockholders are considered to be internal affairs of the corporation. *Edgar v. Mite Corp., supra* 457 U.S. at 645, 102 S.Ct. at 2642. Those affairs are governed by the law of the state of its incorporation. *Id.; Gaynor v. Buckley,*

318 F.2d 432, 434 (9th Cir.1963); *Rogers v. Guaranty Trust Co.*, 288 U.S. 123, 130, 53 S.Ct. 295, 297, 77 L.Ed. 652 (1933). Nevertheless, there is no ironclad rule forbidding a court from trying a case involving issues arising from the internal affairs of a foreign corporation. *Koster v. Lumbermens Mutual Co., supra* 330 U.S. at 527, 528, 67 S.Ct. at 833, 834. It is only when the court must exercise continuing supervision over corporate affairs, *e.g.,* through a court-appointed receiver, that a foreign court might have trouble enforcing its orders. *Williams v. Green Bay & W.R. Co., supra* 326 U.S. at 556, 66 S.Ct. at 287. No such problem is foreseeable here. Although this internal affairs doctrine favors Nevada as the forum state, it is outweighed by the other considerations discussed herein. Issues concerning the internal affairs of foreign corporations have been tried in the Ninth Circuit. *See Gaynor v. Buckley,* 318 F.2d 432 (9th Cir.1963).

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motions for an order transferring this action to the United States District Court for the District of Arizona, Phoenix Division, be and the same hereby are *GRANTED.*