**KENDALL U.S.A., INC., Plaintiff,**

v.

**CENTRAL PRINTING CO., Defendant, Third-Party Plaintiff and Counter-Claimant,**

v.

**DAYTON STEEL RULE & DIE COMPANY, INC. and Neff Folding Box Company, Third-Party Defendants.**

**Civ. No. F 86–330.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Aug. 7, 1987.

Thomas M. Kimbrough and John C. Clifton, Barrett & McNagny, Fort Wayne, Ind., for Kendall U.S.A., Inc.

John C. Dresser and Thomas C. Ewing, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, Ind., for Central Printing Co.

John B. Powell, Shambaugh, Kast, Beck & Williams and Roy E. Leonard, Fort Wayne, Ind., James W. Riley, Jr. and Brandt N. Hardy, Callahan & Riley, Indianapolis, Ind., for Neff Folding Box Co.

David K. Hawk, Burt, Blee, Hawk & Sutton, Fort Wayne, Ind., for Dayton Steel Rule & Die Co., Inc.

## ORDER

WILLIAM C. LEE, District Judge.

Numerous motions have been filed in this case. In this order the court will only deal with third-party defendant Neff Folding Box Company's motion to transfer pursuant to 28 U.S.C. § 1404(a) (1982). The motion is fully briefed and arguments were

heard on July 15, 1987. For the following reasons, the motion is granted and the Clerk will be ordered to transfer this matter to the Dayton Division of the United States District Court for the Southern District of Ohio.

## I.

### Factual Background

Plaintiff Kendall U.S.A., Inc. (Kendall) is a Florida corporation. Kendall was an Indiana corporation when some of the events which gave rise to this lawsuit took place. Defendant Central Printing Co. (Central) is an Ohio corporation located in Dayton, Ohio. Both third-party defendants, Dayton Steel Rule & Die Co. (Dayton) and Neff Folding Box Company (Neff) are also Ohio corporations located in Dayton, Ohio.

The events which gave rise to this lawsuit had their genesis in Kendall's "box-mailer" venture, a national advertising campaign. Kendall contracted with Central to perform the printing on its box-mailers. Central called upon Dayton to fabricate and cut the box-mailers. Dayton, in turn, called upon Neff to fold and glue the box-mailers. Some time around November, 1984, the first batch of approximately 1,500 to 2,500 box-mailers was finished and they were delivered to Kendall in Indiana. Kendall subsequently moved to Florida where the remainder of the box-mailers (approximately 40,000) were sent.

Kendall filed suit against Central on September 12, 1986, alleging negligence and breach of contract. Central answered Kendall's complaint, filed a counter-claim, and filed a third-party complaint against Dayton and Neff. Central alleges that in the event that it is liable to Kendall, it is entitled to indemnity from Neff and Dayton. A horde of motions followed,[1] including Neff's motion to transfer, to which the court will now turn.

## II.

### Analysis of Neff's Motion to Transfer

### A.

### Prerequisites to Transfer

Before this court can transfer an action under 28 U.S.C. § 1404(a) (1982), a number of prerequisites must be met. This court must have subject matter jurisdiction. Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3844, at pp. 329–334 (2d ed. 1986). Absent subject matter jurisdiction the court has no power to do anything but dismiss the case. The parties agree that this court has subject matter jurisdiction (diversity) over the principal claim and ancillary jurisdiction over the third-party claim. This prerequisite is therefore met.

Venue must also be proper in this court before it can grant a § 1404(a) transfer. *Liaw Su Teng v. Skaarup Shipping*, 743 F.2d 1140, 1143 (5th Cir.1984) (1404(a)—unlike 1406(a)—refers to actions where venue is properly laid in the district where the case was filed). *See also* Wright and Miller, § 3827, at pp. 263–65. The parties agree that venue is proper in this court

---

1. Third party defendant Neff Folding Box Company filed a motion to dismiss Central Printing Company's third-party complaint under Fed.R. Civ.P. 8(a) and 12(b)(6). At the July 15, 1987 argument, Neff conceded that the court had ancillary jurisdiction over the third-party complaint. The rest of that motion is still at issue and will need to be decided after transfer. Neff has also filed a motion to dismiss under Fed.R. Civ.P. 12(b)(2), for lack of personal jurisdiction. Neff concedes that the Ohio court has personal jurisdiction. That motion is therefore mooted upon transfer and need not be decided. Central Printing Company has filed a motion to transfer under 28 U.S.C. § 1404(a) (1982), in the event that the court does not find personal jurisdiction over Neff. Since Neff's motion to transfer

is being granted, Central's motion is also granted (although the court did not first find an absence of personal jurisdiction over Neff). Neff also filed a motion to strike, pursuant to Fed.R.Civ.P. 12(f). The motion was aimed at Kendall's response to Neff's motion to dismiss, which response was filed two days late. Neff's motion to strike was denied at the argument on July 15, 1987, since the response is helpful and since Neff was not prejudiced. Lastly, Dayton Steel Rule & Die Co., Inc. has filed a motion to dismiss the third-party complaint, or alternatively, a motion for summary judgment. This motion is still at issue and will need to be decided after transfer (Central agrees with Dayton that Ohio law governs the substantive issues in the third-party complaint).

under 28 U.S.C. § 1391(a) (1982). Accordingly, this prerequisite has been satisfied.

Having determined that subject matter jurisdiction and venue are proper in this court, the court can now move on to issues relating to the transfer of this matter to Ohio. The court does not need to determine that personal jurisdiction over the defendant and third-party defendants exists in this court before this case can be transferred. *Cote v. Wadel,* 796 F.2d 981, 984–85 (7th Cir.1986). Neff's motion to dismiss for lack of personal jurisdiction need not be reached, therefore, before the transfer issue is resolved and indeed, Neff's motion will be mooted by transferring this case to the Southern District of Ohio (Neff concedes that the Southern District of Ohio has personal jurisdiction).

Having determined that the prerequisites for the transferor court have been met, the court will now consider whether the transferee court prerequisites have been met; that is, whether this action is one which "might have been brought" in the Southern District of Ohio. *See* 28 U.S.C. § 1404(a) (1982). The phrase "might have been brought" requires that the proposed transferee court have subject matter jurisdiction, that venue would be proper there, and that the defendants be amenable to service of process issued by the transferee court. *See Horwitz v. Southwest Forest Industries, Inc.,* 612 F.Supp. 179, 181 (D.C.Nev. 1985); Wright and Miller, § 3845, pp. 340–47. Subject matter jurisdiction exists by virtue of diversity (*see* 28 U.S.C. § 1332 (1982)), and venue is proper in the Dayton Division of the Southern District of Ohio since the defendant and third-party defendants all reside there (*see* 28 U.S.C. § 1391(a) (1982)). Both the defendant and the third-party defendants are amenable to service of process by the transferee court. *See* Fed.R.Civ.P. 4(f). All of the prerequisites which relate to the transferee court have been met. The court may now go on to consider the factors relating to transfer.

### B.

### *Factors Relating to Transfer*

 In deciding a motion to transfer, the district court must consider the statutory factors in light of all the circumstances of the case. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986). While this court is limited to the three factors outlined in § 1404(a) (*viz.,* the convenience of the parties, the convenience of the witnesses, and the interests of justice), *id.* at 219, these factors are "best viewed as placeholders for a broader set of considerations" which turn upon the facts of each case. *Id.* at 219 n. 3. *See also Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964). In drawing its conclusion, the court must weigh the factors for and against transfer. *Brown v. Grimm,* 624 F.2d 58, 59 (7th Cir.1980). The movant has the burden of establishing that the "transferee forum is clearly more convenient." *Coffey,* 796 F.2d at 220. *See also Commodity Futures Trading Commission v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). However, the burden needed to establish a § 1404(a) transfer is not as great as the burden needed for a *forum non conveniens* dismissal. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981).

Kendall, which opposes the motion to transfer, makes a number of arguments which must be dealt with at the outset. Kendall argues that any convenience to the third-party defendants should not get much consideration, since it was Central which brought them into the case by way of its third-party complaint. Kendall cites no authority for this proposition, but states that it would be "inappropriate to force Kendall into a foreign forum merely because Central chose to bring other parties into the [lawsuit]." Kendall's argument is contrary to law. *Coffey,* 796 F.2d at 219 (in passing on a motion to transfer the court must consider all the circumstances of the case); *Riordan v. W.J. Bremer, Inc.,* 466 F.Supp. 411 (S.D.Ga.1979) (considering effect of transfer on third-party defendant). The message of these cases is that lawsuits should be viewed in their entirety when considering transfer. To do otherwise would be shortsighted. Accordingly, equal weight will be given to the third-party defendants as the statutory factors are considered.

Kendall also argues that its choice of forum should be accorded deference. *See Cumis Ins. Soc., Inc. v. South Coast Bank,* 587 F.Supp. 339, 348 (N.D.Ind.1984). This is generally true, but not when the plaintiff's choice of forum is not his place of residence. Where, as here, the chosen forum is not the plaintiff's residence,[2] the defendant's place of residence becomes more important in determining the convenience to the parties. *Horwitz,* 612 F.Supp. at 182. Thus, Kendall's choice of Indiana venue is not entitled to deference. With these general principles in mind, the court will now analyze the three statutory factors.

(i)

Convenience of the Parties

It will be more convenient to all of the parties if the action is transferred to Dayton, Ohio except Kendall and it will be no less convenient to Kendall. The defendant and third-party defendants are located in Dayton. Both Central and Neff have submitted affidavits showing that key management personnel are likely to be called as witnesses. Their absence burdens these parties and a transfer to Dayton will alleviate this burden, preventing unnecessary economic loss. Disruption of business, as a part of inconvenience to parties, is a valid concern when considering transfer. *Trans-United Industries, Inc. v. Renard Linoleum & Rug Co.,* 212 F.Supp. 373, 374 (E.D.Pa.1962). Kendall has not shown that transfer will burden it. Accordingly, the "convenience of the parties" weighs heavily in favor of transfer.

(ii)

Convenience of the Witnesses

The convenience of the witnesses also weighs in favor of transfer to Dayton. Central's affidavits show that it plans to use two important nonparty witnesses; both reside in Dayton, Ohio. There is some possibility that these witnesses would not be willing to testify. A transfer to Dayton, making compulsory process over these witnesses available, would ensure their "live" testimony at trial.[3] Whenever possible a court should facilitate the "live" presence of material nonparty witnesses. *Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F.Supp. 1048, 1051 (N.D.Ill.1982).

These same considerations apply to Neff's reluctant witnesses. Reluctant witnesses aside, a transfer to Dayton would also make testifying more convenient (for the witnesses who reside in Dayton) generally. The disruption of witnesses is a factor to be considered when analyzing convenience. *Helfant v. Louisiana & Southern Life Ins. Co.,* 82 F.R.D. 53, 58 (E.D.N.Y.1979).

Kendall also has some important nonparty witnesses who will not be subject to compulsory process if the case is transferred to Dayton. Kendall argues that a transfer would only shift the inconvenience and that a shifting of inconvenience does not justify transfer. *Cumis,* 587 F.Supp. at 348. This is true and is a point that must be reckoned with. Kendall's argument only weighs the inconvenience caused to the defendant's nonparty witnesses; the argument acknowledges but discounts as irrelevant any inconvenience caused to the witnesses of both third-party defendants. As noted earlier, this is inappropriate. All parties, third parties included, must be considered. When the inconvenience to Neff's witnesses is added into the scale it becomes clear that the inconvenience caused to Neff and Central if the case remains in Fort Wayne outweighs the inconvenience caused to Kendall if the case is transferred. Thus, while there is some shifting of inconvenience, the balance weighs quite strongly in

---

**2.** Residence, for venue purposes, is determined when an action is commenced and not when it arises. *Paul v. International Precious Metals Corp.,* 613 F.Supp. 174, 179 (S.D.Miss.1985). Kendall had moved to Florida when this action was commenced in September of 1986, and was a Florida corporation.

**3.** A nonparty witness cannot be compelled to attend trial unless served within the district, and if outside the district, within 100 miles of the place of trial. Fed.R.Civ.P. 45(e). The distance between Fort Wayne and Dayton is 104 miles, so that this court could not compel these witnesses to appear before it. G. Fitzpatrick and M. Modlin, *Direct Line Distances,* United States Edition, p. 112 (1986). *See Horwitz,* 612 F.Supp. at 182.

favor of transfer. As the Seventh Circuit has made quite clear, it is the subtle "weighing of factors" which is the key to the analysis. *See Coffey,* 796 F.2d at 219. All things considered, the "convenience of the witnesses" also points to transfer.

(iii)

### The Interests of Justice

This rather broad statutory factor relates to the "efficient administration of the court system" and "may be determinative in a particular case, even if the convenience of parties and witnesses might call for a different result." *See Coffey,* 796 F.2d at 220–21; *Lemke v. St. Margaret Hospital,* 594 F.Supp. 25 (N.D.Ill.1983). In this case the "interests of justice" support the convenience factors.

The "interests of justice" favors consolidated litigation. *Van Dusen,* 376 U.S. at 643–46, 84 S.Ct. at 822–24; *F.T.C. v. Mac Arthur,* 532 F.2d 1135 (7th Cir.1976). In this case the third-party complaint should be tried with the main claim. If the case remains in Fort Wayne there is a very real possibility that this court would not have personal jurisdiction over Neff, in which case Central would have to initiate litigation against Neff in Ohio. This would result in the inefficient administration of the court system.

In diversity actions the "interests of justice" favors having federal judges who are familiar with applicable state law try a case. *Van Dusen,* 376 U.S. at 645, 84 S.Ct. at 824. When transfer occurs under § 1404(a), the state law of the transferor court applies. Transfer amounts to nothing more than a change of courtroom. *Coffey,* 796 F.2d at 222. This factor appears to be neutral. Central and Dayton agree that Ohio law governs the substantive issues relating to the third-party complaint under Indiana's choice of law rules. That will continue to be true after transfer, so that the district court in Dayton would apply Ohio law (with which it is presumably more familiar) to the substantive issues relating to the third-party complaint. To

the extent that remedial issues relating to the third-party complaint are governed by Indiana law, that would continue to be true after transfer.[4] Transfer will not change the applicable law. Since both Ohio and Indiana law are involved, this factor appears to neutral.

### Conclusion

Having weighed the appropriate factors, the court concludes that transfer pursuant to 28 U.S.C. § 1404(a) (1982) is clearly appropriate. The defendant and the third-party defendants are in Dayton. The plaintiff is in Florida. While transfer will be somewhat inconvenient to the plaintiff's nonparty witnesses and to the plaintiff's lawyers, the balance weighs heavily in favor of transfer. Accordingly, the Clerk of this court is ORDERED to TRANSFER this matter to the Dayton Division of the United States District Court for the Southern District of Ohio.

---

**4.** At oral argument Dayton, who has filed nothing for or against transfer, stated that it would prefer that the case stay in Indiana because Indiana's remedies are more limited. Assuming

this is true (the issue has not been decided), it would remain true in Ohio since transfer does not change the applicable law.