**KACHAL, INC., a Nevada corporation, Plaintiff,**

v.

**Yuille MENZIE, an individual, Christie Grasteit, an individual; Black and White Corporations; Able and Baker Companies; Red and Green Partnerships; and John Does I through X, inclusive, Defendants.**

**No. CV–N–88–650–ECR.**

United States District Court, D. Nevada.

Feb. 27, 1990.

Stephen R. Harris, Reno, Nev., for plaintiff.

Richard L. Elmore, Hale, Lane, Peek, Dennison and Howard, Marina Del Rey, Cal., for defendant Menzie.

Don Springmeyer, Gordon & Silver, Ltd., Reno, Nev., for defendant Grasteit.

EDWARD C. REED, Jr., Chief Judge.

This is an action by Kachal, Inc., ("Kachal"), a Nevada corporation, against Yuille Menzie and Christie Grasteit, residents of California. On November 22, 1988, the plaintiff filed a Complaint for Money Due in the Ninth Judicial District Court of the State of Nevada, in and for the County of Douglas. In December, 1988, defendant Grasteit's petition for removal was granted, and the action was removed to this Court.

On October 10, 1989, defendant Grasteit filed a Motion for Change of Venue (document # 22). On October 17, 1989, the plaintiff filed an Opposition to Change of Venue (document # 23). On November 1, 1989, defendant Grasteit filed a reply (document # 25).

The Motion for Change of Venue is based upon 28 U.S.C. § 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In order that the case "might have been brought" in the proposed transferee dis-

trict, the court there must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court. *Horowitz v. Southwest Forest Indus., Inc.*, 612 F.Supp. 179, 181 (D.Nev.1985). The defendants seek transfer of this case to the Central District of California. The plaintiff does not dispute that the original action "might have been brought" in the Central District of California.

However, on October 3, 1989, defendant Grasteit filed his answer and counterclaim (document # 21) to plaintiff's Amended Complaint (document # 9). The plaintiff filed a Motion to Strike Counterclaim (document # 24) which correctly pointed out that the late filing of the defendant's counterclaim violated the terms of this Court's scheduling order. The defendant filed a Motion for an exception to the Scheduling Order (document # 28). In plaintiff's Opposition to Change of Venue, plaintiff asserts that most of the witnesses that are more convenient to the Central District forum are pertinent only to the untimely counterclaim. Subsequent to the plaintiff filing its points and authorities opposing change of venue, this Court granted defendant's Motion for an exception to the Scheduling Order (document # 30). Therefore, this particular argument made by the plaintiff in opposition of a change of venue is now moot.

■ The burden of establishing that an action should be transferred is on the moving party. *Cambridge Filter Corp. v. International Filter Co.*, 548 F.Supp. 1308, 1310 (D.Nev.1982). The convenience of and accessibility of witnesses is of considerable importance. *Horowitz*, 612 F.Supp. at 182; *Cambridge*, 548 F.Supp. at 1311. The defendants, in arguing that convenience and justice require transfer, point out both defendants reside in California. Although the plaintiff is a Nevada corporation, all its officers and directors are residents of California. All non-party witnesses reside within the Central District of California. Neither party has identified witnesses who live in Nevada.

Fed.R.Civ.P. 45(e)(1) provides that a subpoena may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial, or at a place within the state where a state statute or rule of court permits service of subpoena issued by a state court sitting in the place where the district court is held. Calif.Code of Civ.Proc. § 1989 authorizes such service. Therefore, witnesses throughout California would be subject to a subpoena. Many of these witnesses from southern California will not be subject to the subpoena power of this Court for trial.

■ A plaintiff's choice of forum should not be disturbed unless the reasons for transfer are clear and cogent. *Horowitz*, 612 F.Supp. at 182. However, a plaintiff's choice of forum is not the final word. Consideration must be given to both the defendants' and the plaintiff's contacts with the chosen forum, especially those relating to the cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968). If all of the witnesses live outside the chosen forum and all of the operative facts occurred outside the chosen forum, the plaintiff's choice is entitled to only minimal consideration. *Id.*

■ The plaintiff's choice of forum is buttressed by the presence of a forum selection clause in the contract which provided:

> The parties hereto consent to jurisdiction in the State of Nevada and the terms of this agreement to be interpreted pursuant to the laws of said State.

■ A forum selection clause providing a particular court or state has jurisdiction, but says nothing about it being exclusive jurisdiction, is permissive rather than mandatory. *Hunt Wesson Foods Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987). The effect of the language is merely that the parties consent to the jurisdiction of that particular court or state. Such consent does not preclude the action from being litigated in another court.

Mandatory forum selection clauses contain language such as "exclusive" or

"only". The language mandates that the designated courts are the only ones which have jurisdiction. *Id.* at 77–78. In the forum selection clause for this case, the language clearly falls short of designating an exclusive forum and does not preclude litigation outside Nevada.

An important question still remains: what effect should a District Court give to the presence of a "permissive" forum selection clause when considering a change of venue motion? The Supreme Court concluded in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988) that federal law, specifically, 28 U.S.C. § 1404(a) governs the parties' venue dispute and controls the effect to be given their contractual choice of venue. Although the Supreme Court affirmed the Court of Appeals order reversing the District Court's application of state law, the Court rejected the Court of Appeals' application of the standards articulated in the admiralty case of *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). *Stewart*, 108 S.Ct. at 2241. The case was remanded so that the District Court could determine the appropriate effect of the forum selection clause under 28 U.S.C. § 1404(a). *Id.* at 2245.

In *Bremen*, the Supreme Court stated that forum selection clauses are to be specifically enforced unless the party opposing the clause clearly shows "that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1916. Although the Supreme Court rejected the *Bremen* standards when considering a § 1404 motion, the Court carved out an exception leaving the *Bremen* rule intact for admiralty cases.

Under the *Stewart* rationale, the presence of a forum selection clause is a "significant factor" that figures centrally in the § 1404(a) calculus. *Id.* 108 S.Ct. at 2243. The District Court must balance the contractual choice of forum against a number of countervailing factors including the convenience of witnesses, fairness, and "interests of justice." *Id.* at 2243–44. The forum selection clause should receive neither dispositive nor no consideration. *Id.* at 2245. Even though the Court was considering a mandatory forum selection clause [1], the rationale in *Stewart* is instructive where the forum selection clause is permissive and the District Court must decide how much weight to attach to the clause in the balancing of the § 1404(a) factors.

Although the contract contains a jurisdictional provision consenting to the jurisdiction of Nevada courts, the counterweight of other factors under § 1404(a) favor a transfer to the Central District of California. The plaintiff does not dispute the contract was executed in California, all negotiations and representations occurred in California, and the contract was to be performed in California. In addition, the property that is the subject matter of the contract is located in California. Finally, all the witnesses reside in California.

The fact that the plaintiff is a Nevada corporation and Nevada is its choice of forum is greatly outweighed by the defendant's substantial showing of inconvenience of the parties and witnesses. In addition, no prejudice to the plaintiff will result from the transfer. Therefore, it appears this Court should transfer this case to the Central District of California.

In deciding not to enforce this "permissive" forum selection clause guided by the rationale in *Stewart*, this Court is aware that the ninth circuit, appearing not to follow *Stewart*, continues to follow the rule announced in *Bremen*. *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 388 (9th Cir. 1990) *withdrawing and amending* 863 F.2d 1437, 1447 (9th Cir.1988); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 512 (9th Cir.1988). *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989).

1. Specifically, the forum-selection clause read, "Dealer and Ricoh agree that any appropriate state or federal district court located in ... shall have exclusive jurisdiction over any case or controversy arising under or in connection with this Agreement and shall be a proper forum in which to adjudicate such case or controversy." *Stewart*, 108 S.Ct. at 2241, n. 1.

The court in *Manetti* distinguished itself from *Stewart* because it was considering a motion to dismiss while *Stewart* was considering a transfer of venue under 28 U.S.C. § 1404(a). *Manetti*, 858 F.2d at 512, n. 2. *Manetti* is distinguishable from the instant case for the same reason. In addition, the language of the forum selection clause at issue in *Manetti* was mandatory [2] rather than permissive.

Similar to *Manetti*, the court in *Shute* applied the *Bremen* standards and distinguished itself from *Stewart*. *Shute*, at 388. The court pointed out that the *Stewart* Court was considering a 28 U.S.C. § 1404(a) motion, but the court in *Shute* was considering a motion to dismiss or transfer pursuant to 28 U.S.C. § 1406(a) where the defendant had argued that venue was improper. *Id.* In order to determine whether venue was improper, the court analyzed the enforceability of the forum selection clause under the *Bremen* rule. *Id.* at 388–89.

In *Shute*, the forum selection provision was printed on a cruise ticket which is presented to the purchaser on a take-it-or-leave-it basis. The court believed the evidence suggested the type of disparity in bargaining power that justifies setting aside a forum selection provision. *Id.* at 388. In addition, the court stated that the enforcement of the clause would "be so gravely difficult and inconvenient" that the plaintiff would be "for all practical purposes be deprived of his day in court," *Id.* at 389 (quoting *Bremen*, 407 U.S. at 18, 92 S.Ct. at 1918), thus providing an independent basis for refusing to enforce the provision.

It was not necessary, however, for the court to distinguish itself on the foregoing basis. *Shute* does not actually conflict with *Stewart* because the claim at issue in *Shute* falls within the realm of admiralty.

In *Shute*, the plaintiff filed a personal injury lawsuit for injuries received on the defendant's cruise ship while at sea. Admiralty law encompasses maritime torts where the locus of the tort occurs on the high seas and the alleged wrong bears a significant relationship to a traditional maritime activity. *Jones v. Bender Welding & Mach. Works Inc.*, 581 F.2d 1331 (9th Cir. 1978). Carrying passengers for hire is undoubtedly a traditional maritime activity and suits in tort for personal injuries are clearly included in admiralty jurisdiction. *Duluth Superior Excursions, Inc. v. Makela*, 623 F.2d 1251 (8th Cir.1980). Therefore, it was proper to apply the *Bremen* standards.

*Shute* is distinguishable from the instant case for three separate reasons. First, the language of the forum selection clause in *Shute* was mandatory rather than permissive.[3] Second, unlike *Shute*, the present litigation is not an admiralty case and the rationale of *Stewart* is more appropriately instructive. Finally, similar to *Manetti*, the court was considering a motion to dismiss or transfer pursuant to 28 U.S.C. § 1406(a) rather than a 28 U.S.C. § 1404(a) motion that was considered in *Stewart* and in the present case.

Even more recently the ninth circuit has continued to apply the *Bremen* rule outside the admiralty realm. *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir.1989). The court stated that a contractual forum clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 763 (quoting *Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913). However, the sole issue decided by the court was whether the forum selection clause was mandatory or permissive. *Id.* Because venue was specified with mandatory language [4] and no allegation of fraud or undue influence were

---

2. The pertinent provision read, "For any controversy regarding interpretation or fulfillment of the present contract, the Court of Florence has *sole* jurisdiction." *Manetti*, 858 F.2d at 509 (emphasis added).

3. The forum selection clause provided, "[A]ll disputes and matters ... shall be litigated ... in the State of Florida, U.S.A., to the exclusion of the courts of any other state or country." *Shute*, at 379.

4. The provision reads in pertinent part, "[v]enue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." *Docksider Ltd.*, 875 F.2d at 763.

made, the court enforced the clause. *Id.* at 763–64.

Finally, even under the *Bremen* rule, this Court could decide not to enforce the forum selection clause if the defendant's allegations concerning the contract formation are found to be true. The defendant alleges in his Reply to plaintiff's Opposition to Change of Venue (document # 27, p. 3), that the entire contract's validity is in question. The defendant contends he signed upon the advice of his attorney who it was later discovered is also one the three incorporators of the plaintiff corporation, Kachal, Inc. The validity of the contract need not be considered at this time since the Court is granting defendant's motion for transfer notwithstanding the forum selection clause.

In summary, the Court concludes that the forum selection clause is merely permissive and need not be specifically enforced. The contractual forum choice is significantly outweighed by the substantial showing of inconvenience to the parties and witnesses and other "interests of justice" factors that must be considered pursuant to 28 U.S.C. § 1404.

IT IS, THEREFORE, HEREBY ORDERED that defendant's motion for an order transferring this action to the Central District of California be, and the same hereby is, GRANTED.