**FASH OBALCO, INC., Plaintiffs,**

v.

**M.K.M. INDUSTRIES, INC., et al., Defendants.**

**Civ. No. 95–1110 (DRD).**

United States District Court, D. Puerto Rico.

May 25, 1995.

Francisco J. Colon–Pagan, San Juan, PR, for plaintiffs.

John R. O'Connor–Casanas, Santurce, PR, Harry J. Martin, Martin, Kasselman & McCorkindale, Dallas, TX, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the court is defendants' Motion to Transfer the Complaint, dated March 23, 1995, docket 3, defendant's Memorandum of Law, dated May 18, 1995, docket 9, and plaintiff's opposition thereto, dated April 12, 1995, docket 6. Defendants, M.K.M., Industries, et al., have moved this Court, pursuant to Title 28, United States Code, Section 1406, for an order to dismiss, transfer, and change the venue of the present action for improper venue.[1] In their motion, defendants state that proper venue in this case lies in the State of New Jersey.

Defendants explicitly assert that venue is **improper** in the District of Puerto Rico[2], where the action was originally filed[3].

Defendants claim that because the only contact with Puerto Rico is the "mere location of the plaintiff", the contacts available to the plaintiff in sustaining this action within Puerto Rico are insufficient. Further, defendants purport that the New Jersey forum can be "the **proper** forum to entertain this case, notwithstanding the fact that the contract is construed in accordance to the laws of the Commonwealth of Puerto Rico." (See docket 9, p. 6)

## FACTUAL BACKGROUND

On October 22, 1993 plaintiff, Fash Obalco Inc.,[4] entered into an agreement with co-defendant, M.K.M.,[5] to manufacture and deliver finished intimate apparel to JC Penney, Mercantile Stores and others. Said agreement, signed by the parties[6] and executed in Puerto Rico, is subject to the laws of the Commonwealth of Puerto Rico.

---

1. Jurisdiction of the Court is based solely on diversity of citizenship and the defendants are incorporated in New Jersey.

2. In their motion at page 7 defendants state: "From the face of the complaint it is apparent that the plaintiff is located in Puerto Rico. It is also stated in the Complaint that the corporate defendant, M.K.M. Industries, Inc., is a corporation of the State of New Jersey and that Andrew Kallen and Barbara Kallen are residents of the State of New Jersey. Moreover, defendant(s), is not even registered to do business in Puerto Rico, pursuant to the corporate laws of the Commonwealth of Puerto Rico. **Hence, there is no jurisdiction in this forum.**" (emphasis ours)

3. The complaint was filed by plaintiff, Fash Obalco, Inc., in the United States District Court,

District of Puerto Rico, on February 2, 1995, based upon diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332.

4. Fash Obalco is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in Puerto Rico, and dedicated to the manufacture and sale of articles of clothing, namely women's lingerie.

5. M.K.M. Industries (M.K.M.) is a corporation organized under the laws of the State of New Jersey with its principal place of business within said state, dedicating its operation to the manufacture and/or distribution and/or sale of lingerie.

6. Co-defendant Andrew Kallen signed on behalf of M.K.M. Industries, Inc.

The dispute giving rise to this suit developed, according to the allegations, when defendant Andrew Kallen[7] misrepresented M.K.M.'s economic stability situation, while assuring Fash Obalco that it possessed sufficient cash and credit facilities "to fulfill its obligations under the agreement in a timely manner." (See amended Complaint, docket 5, p. 3). Shortly after the first deliveries were made by plaintiff, M.K.M. allegedly began to "run behind" in their payments. Plaintiff argues that in spite of a payment plan[8] designed to assist the defendants, M.K.M. and/or Andrew Kallen "repeatedly ignored these plans; the tardiness continued and progressively got worse, to the point that today M.K.M. owes $108,000.00 to Fash Obalco for merchandise delivered and not paid for, which amount is due and payable".

Plaintiff maintains that Andrew and Barbara Kallen, in their personal capacity, induced Fash Obalco to enter into a contractual agreement by the intentional misrepresentation of M.K.M.'s financial resources.

## DISCUSSION

### I. Is there in personam jurisdiction of the non-resident defendants?

■ Defendants allege that because plaintiff's goods and materials, sold and delivered within Puerto Rico, were shipped from outside of Puerto Rico to the defendants in the State of New Jersey, there is no justification for extending personal jurisdiction by virtue of "specific jurisdiction"[9]. (docket 9, p. 4) Defendants further assert that they have not "purposefully availed . . . of the privileges of conducting activities within Puerto Rico, thus invoking the benefits and protection of its laws.[10]" (docket 9, p. 5) The Court disagrees.

■ In cases where the subject matter jurisdiction of the court rests on diversity jurisdiction, the determination as to whether the court has personal jurisdiction over the parties is controlled by the state long arm jurisdiction statute. *Pizarro v. Hoteles Concorde Intern.*, 907 F.2d 1256 (1st Cir.1990). The exercise of jurisdiction within Puerto Rico's long arm statute falls well within constitutional standards.[11] Due process requires only that in order to subject the defendant to a judgement "in personam", if he/she is not present within the territory, that certain minimum contacts exist with Puerto Rico, so as to avoid that the maintenance of the suit offends jurisdictional notions of fair play and substantial justice.[12] Rule 4.7(a)(1)[13] of the Puerto Rico Rules of

7. Andrew Kallen is and has always been the president and/or director of M.K.M., and is a resident of the State of New Jersey.

8. Plaintiff alleges that as part of the payment plan, M.K.M. and/or Andrew Kallen instructed American Factors to remit a fixed amount of money to plaintiff from advances based on goods shipped by plaintiff. However, plaintiff asserts that "without the consent or knowledge of the plaintiff, codefendant American Factors intentionally and/or negligently failed to forward said money to plaintiff, and instead sent the money to Mr. Kallen who improperly used it to solve his own personal problems." (docket 5, p. 4)

9. Where the injury involved in the case arises directly out of the non-resident's activities in the forum, a state may assert personal jurisdiction over a non-resident defendant through "Specific jurisdiction". See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

10. See *Hanson v. Denckla*, 357 U.S. 235, 237–255, 78 S.Ct. 1228, 1229–1240, 2 L.Ed.2d 1283

(1958). Defendants maintain that their only contact with Puerto Rico is the location of the plaintiff, and that in itself is insufficient contacts for the plaintiff to maintain this action in Puerto Rico. (docket 9, p. 5)

11. See *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 11 (1st Cir.1990).

12. See *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Hess v. Pawloski*, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927).

13. Rule 4.7 of the Civil Rules of the Commonwealth of Puerto Rico prays as follows:

"(a) when the person to be served is not within Puerto Rico the general court of justice of Puerto Rico shall have personal jurisdiction over said non-resident as if he were a resident of the Commonwealth of Puerto Rico, if the action or claim arises as a result of the following: (1) such person or his agent carries out business transactions within Puerto Rico; or (2) executes by himself or through his agents, tortious acts within Puerto Rico; or (3) . . . (4) . . . (5) . . ."

Civil Procedure, specifies that the minimum contacts requirement is met if the non-resident conducts any business transaction in Puerto Rico [14]. By signing and executing the contract in Puerto Rico, and by agreeing that the contract shall be governed by the laws of The Commonwealth of Puerto Rico, M.K.M. has benefitted of the laws of Puerto Rico.[15] The plaintiff's alleged damages are further directly related to the activities of defendant in the forum of Puerto Rico (i.e. entering into the contract). Further, the contractual disposition allowed the defendants to enjoy the fruits and benefits derived from a contractual agreement achieved and effected in Puerto Rico.

■ The Court has "in personam jurisdiction" over Andrew and Barbara Kallen pursuant to the doctrine expressed in the case *Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613, 17 (1st Cir. (Puerto Rico) 1988).[16] Compliance with the *Alvarado* doctrine is achieved because plaintiff alleges that Andrew and Barbara Kallen personally participated and negligently contributed to the M.K.M.'s breach of the executed contract, the court has in personam jurisdiction over them. We further note that Andrew Kallen signed the contract in Puerto Rico.

In the instant case, jurisdiction is deemed appropriate because the actions of the defendant create a substantial connection with the state. See *Asahi Metal Ind. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). For the reasons stated hereinabove, the court concludes that minimum contacts with the forum exist so as to "carte blanche" the "in personam jurisdiction" of defendants.[17]

## II. Is Venue in the District of Puerto Rico Proper?

Our analysis first addresses whether venue in this action may properly lie in Puerto Rico.[18] If venue exclusively in this district is proper, transfer will only be appropriate if in balancing the convenience of the parties, ease of access to sources of proof, and the interest of justice [19] the moving party carries the burden of establishing that these factors weigh in favor of another forum.

■ In 1990 Congress implemented far reaching changes in the rules governing venue in civil actions. Section 1391 of Title 28 was broadly revised by the Judicial Improvements Act of 1990.[20] See 28 U.S.C.A. § 1391, *Commentary on 1988 and 1990 revi-*

---

**14.** Furthermore, the place where the performance of the contract is to take place is pivotal in reaching this determination. The performance of the contract was known to the defendants to be in Puerto Rico. See *Coletti v. Ovaltine Food Products*, 274 F.Supp. 719, 722 (D.P.R. 1967).

**15.** Because M.K.M. exercised the privilege of conducting activities within Puerto Rico, thus availing itself of the privileges, protection, and benefits, M.K.M. cannot refuse to escape the consequences:

"The exercise of that privilege may give rise to obligations, and so far as these obligations arise out or are connected with the activities within the State, a procedure to enforce them can, in most instances, hardly be said to be undue. *Eddie Dassin, Inc. v. Darlene Knitwear, Inc.*, 441 F.Supp. 324, 326 (D.P.R.1977), applying *International Harvester Co. of America v. Com. of Kentucky*, 234 U.S. 579 [34 S.Ct. 944, 58 L.Ed. 1479] (1914) and *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95] (1945)."

**16.** The first Circuit, applying *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902 (1st Cir. 1980), understood that the District Court lacked personal jurisdiction over the officers of the defendant corporation, because plaintiff failed to even allege that defendant individual officers actively participated or cooperated in the alleged action of the corporation.

**17.** See *Donatelli v. National Hockey League*, 893 F.2d 459, 462–465 (1st Cir.1990); *United Elec. Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1087–1089 (1st Cir.1992).

**18.** As the defendant in this action is a New Jersey corporation with its principal place of business in New Jersey, and the individual defendants Andrew and Barbara Kallen are also residents of New Jersey, there is no doubt that venue in this action may also lie in the District Court of New Jersey.

**19.** Pursuant to 28 U.S.C. § 1404, the court shall addresses whether transfer to the District Court of New Jersey is appropriate based upon convenience to the parties and the interests of justice.

**20.** Act of Dec. 1, 1990, Pub.L. 101–650, 104 Stat. 5089.

*sion of Section 1391*, David D. Siegel. The relevant paragraphs of § 1391, as amended by the 1990 legislation, reads as follows:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in

(1) a judicial district where any defendant resides, if defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced.

Hence, under the amended venue provisions, diversity plaintiffs no longer can lay venue exclusively in the district of their residence. Since the defendants do not reside in Puerto Rico and the action does not involve property, the issue, here, is whether "a substantial part of the events or omissions giving rise to the claim occurred" in Puerto Rico or whether the defendants were "subject to personal jurisdiction" in Puerto Rico "at the time the action was commenced." Venue in this district would therefore be proper if either one of these conditions were met. *See e.g.*, Wright, Miller & Cooper, 15 Federal Practice and Procedure: Jurisdiction § 3804, (1994 Supp.).

The Court finds that venue in this district is proper, under paragraph (b)(2) of § 1391, because a substantial part of the events and omissions giving rise to this claim took place in Puerto Rico. From the pleadings, it is clear that facts having operative significance for plaintiff's claim occurred in Puerto Rico. The claim for damages in this action is based on an alleged breach of contract performed in Puerto Rico. Furthermore, the contract for plaintiffs' services was undoubtedly intended to be performed in Puerto Rico. Decisions made by the parties concerning either the formation or breach of the contract occurred in both Puerto Rico and New Jersey. Similarly, all written and verbal contact came from both New Jersey and Puerto Rico. Accordingly, we find that venue in the district of Puerto Rico is proper.[21]

Further, as stated above, proper venue is Puerto Rico, because under 28 U.S.C. § 1391(a)(3) defendants are subject to personal jurisdiction in Puerto Rico.

### III. Is Transfer Under 28 U.S.C. § 1404(a) Warranted?

Having found that there is in-personam jurisdiction of the non-resident defendants, and that venue in this action may lie in the District of Puerto Rico, the Court next addresses whether transfer to the State of New Jersey is appropriate based upon convenience to the parties and the interests of justice.

In moving for a change of venue, defendants carry the burden of showing that the factors enumerated in 28 U.S.C. § 1404 militate in favor of transfer. *Sergio Estrada Rivera Auto Corp. v. Kim*, 717 F.Supp. 969, 973 (D.P.R.1989). "Factors to be considered by the district court in making its determination include the convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents and the possibilities of consolidation." *Id.*, at 973 quoting *Cianbro Corp. v. Curran–Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir.1987). As particularly relevant to the case at hand, we shall proceed to address the factor relating to the factor of convenience of the parties.

Transfer will not be ordered if the result is merely to shift the inconvenience from one party to another. *Buckley v. McGraw–Hill, Inc.*, 762 F.Supp. 430, 439 (D.N.H.1991); *see also*, Wright, Miller & Cooper, 15 Federal Practice and Procedure: Jurisdiction § 3848, at 387–388 (2d ed. 1986) (and cases therein cited). Regardless of where this action is tried, should it proceed to trial, either the plaintiff or the defendants will be inconvenienced by having to travel a substantial distance.

**21.** Defendant does not dispute that it is subject to personal jurisdiction in Puerto Rico, but simply states "at the present [it] is not doing business in Puerto Rico."

In deciding § 1404 transfer motions, "substantial weight" is given to plaintiff's choice of forum. *S–G Securities v. Fuqua Inv. Co.,* 466 F.Supp. 1114 (D.Mass. 1978), citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In *Gulf Oil,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, the Supreme Court held that "unless the balance is strongly in favor of the defendants, the plaintiff's choice should rarely be disturbed." Thus, "a plaintiff's choice of forum should not be disturbed unless the reasons for transfer are clear and cogent." *Horwitz v. Southwest Forest Industries, Inc.,* 612 F.Supp. 179, 182 (D.Nev. 1985) citing *Williams v. Green Bay & W.R. Co.,* 326 U.S. 549, 554–555, n. 4, 66 S.Ct. 284, 287, at n. 4, 90 L.Ed. 311 (1946) and *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843. Where the forum chosen by plaintiff is not his place of residence, *Horwitz,* 612 F.Supp. at 182, or bears no obvious connection to the case, *Foster v. Litton Industries, Inc.,* 431 F.Supp. 86 (D.C.N.Y.1977), the defendants' residence gains importance in determining the relative convenience of the parties. This, however, is not the case here. Puerto Rico is both where plaintiffs reside and where a substantial portion of the operative facts giving rise to this claim arose. Furthermore, "If the foreign location of defendants were viewed as a critical factor in transfer decisions, plaintiff's forum choice would have little meaning." *Arrow Electronics, Inc. v. Ducommun Inc.,* 724 F.Supp. 264, 266 (S.D.N.Y.1989).

In light of these principles and because defendants have not made a clear showing that they will be more inconvenienced by having to come to Puerto Rico to defend this action than plaintiffs would be in going to New Jersey to prosecute it, defendants have not met their burden of establishing that convenience of the parties warrants disturbance of plaintiffs' choice of forum.

## CONCLUSION

Accordingly, the Court, upon due deliberation, having found that there is in personam jurisdiction of the non-resident defendants, that venue in this district is not inconvenient, and that the interest of justice does not require transfer, hereby, **denies** defendants' motion to transfer this action to the District Court of New Jersey.

**IT IS SO ORDERED.**