**Nationwide Ins. Co. v. Fryer**
*[Cite as 7 AOA 243]*

*Case No. 89-C-26*
*Columbiana County, (7th)*
*Decided September 05, 1990*

John T. DeFazio, 718 North Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee.

Paul R. Giba, 210 Grant Street, Pittsburgh, Pa. 15219, for Defendant-Appellant.

Robert D. Vilsack, The 113 Building, Cleveland, Ohio 44114-1273, for Defendants-Intervenors.

DONOFRIO, J.

This is an appeal from a declaratory judgment action wherein the trial court entered judgment in favor of plaintiff-appellee, "Nationwide Insurance Company (hereinafter "appellee").

Defendant-appellant, Susan Fryer (hereinafter "appellant"), and her late husband, Randy Fryer, residents of Columbiana County, Ohio, purchased an insurance policy from appellee. The latter is a general liability insurance carrier organized under the laws of Ohio with its principal place of business in Columbus, Ohio. On June 26, 1987, appellant's husband was killed in a motorcycle accident in Pennsylvania. The tortfeasor was a Pennsylvania resident. The tortfeasor's liability insurance carrier offered to pay appellant the limits of coverage under its policy, which was $100,000. Appellant then sought remuneration from appellee under the underinsured motorists provisions of its policy.

Appellee denied coverage since the policy contained anti-stacking language which prohibits a policyholder from adding together coverages for separate vehicles under a single policy of insurance. Appellee filed this declaratory judgment action against its policyholder, seeking a judicial declaration of its obligations and rights under the terms of the policy.

Appellant sets forth one assignment of error, as follows:

"The trial court incorrectly determined that Ohio contract law and not Pennsylvania tort law governed under a conflicts of law analysis thereby prohibiting stacking of underinsured motorist provisions of the Nationwide - Fryer automobile insurance policy."

The pivotal issue in this case is whether Ohio law or Pennsylvania law controls since appellant's husband died in a motorcycle accident in Pennsylvania and the insurance contract between appellee and appellant was formed in Ohio.

Under Pennsylvania law, stacking would be permitted; however, under Ohio law the anti-stacking language of the insurance policy would not allow the same. The trial court determined that the issue was best resolved by substantive contract law under the laws of the state of Ohio, even though it stems from a tort action and not a contract action. Appellant appeals this decision.

We find that appellant's assignment of error has merit for the following reasons.

The Ohio Supreme Court, in *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, sets forth the appropriate choice-of-law analysis when dealing with tort actions. The Ohio Supreme Court in *Morgan,* at 342, stated:

"When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the

litigation. All of these factors are to be evaluated according to their relative importance to the case.

We note that in *Morgan, supra,* the analysis begins with a statement that a *presumption* is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. When the facts of the case at bar are applied to this analysis, it appears that Pennsylvania is the state with the most significant relationship to the lawsuit. First, the place of the, injury was the state of Pennsylvania. Secondly, the place where the conduct causing the injury occurred is the state of Pennsylvania. Thirdly, the domicile, residence, place of incorporation and place of business of the parties favors neither Pennsylvania nor Ohio. Appellee is a corporation engaged in the insurance business with its headquarters in Columbus, Ohio. Appellee's insured, the decedent husband, was domiciled in the state of Ohio. The tortfeasor is domiciled and is a resident of Pennsylvania.

With respect to the factor number four above, "the place where the relationship between the parties, if any, is located" would favor Pennsylvania. As between appellee and its insured, the place where the relationship between the parties is located would be the state of Ohio. As between decedent husband and the tortfeasor, that place would be the state of Pennsylvania.

We find the facts that tend to bring Ohio into the picture do not overcome the presumption established that the law of the place of injury controls. *Mayse v. Watson* (C.A. 6, 1985), Erie County Case No. E-85-8, unreported, provides a well-reasoned and logical analysis addressing the identical issue raised in the instant case. In *Mayse,* the plaintiff was involved in a motor vehicle accident in the state of Florida with the defendant, an uninsured Florida resident. Plaintiffs were insured under a policy of insurance issued by Grange Mutual, seeking recovery pursuant to the uninsured coverage provisions of their policy. The issue before the court was whether Florida "no-fault" law applied or whether Ohio law, which permitted recovery for pain, suffering and mental anguish, applied. Although the court concluded that Ohio substantive law was to be applied, the analysis which the court utilized in reaching that decision is significant.

The *Mayse* court, at page 5, stated that "*** the determination of which state's substantive law would apply to a particular setting, was based upon the characterization of the underly-ing cause of action." The court further stated, at page 7, that "*** to reach our decision we must first classify whether an action instituted by an insured against the insurer, for recovery of damages due to tortious conduct of a third party is governed by the principles of contract law or principles of tort law."

In resolving this issue, the *Mayse* court, at pages 8-9, in pertinent part, stated:

"It has been said that the existence of an insurance policy is of no relevance to the determination of its function, rather an insurance policy is simply a means of under writing the injured party's losses. *** The contract, however, is not intended to establish what type and to what extent damages should be recoverable. The damages available to the injured party must first be determined by the tortfeasor's degree of care owed the injured party, and any associated negligence/ fault on the part of the injured insured. Such factors, based upon tort law, clearly limit the injured party's rights to recover and, as such, necessarily influence the insured's measure of damages. Logically, if tort law controls the factors which establish how the injury occurred and who was at fault, then tort law should also control the measure of damages which are recoverable ***. We conclude then that the measure of damages from an automobile accident is a substantive question to be decided based upon principles of tort law."

The court's conclusion that the principles of tort law govern an action instituted by an insured, against an insurer, for recovery of damages due to the tortious conduct of a third party is consistent with appellee's policy of insurance. Appellee's policy of insurance under the uninsured motorist provision provides in pertinent part:

"COVERAGE

"Under this coverage, we will pay bodily injury damages that you or your legal representative are legally entitled to recover *from the owner* or *driver of an uninsured motor vehicle.*" (Emphasis added.)

If appellee had brought suit directly against the tortfeasor in the state of Ohio for recovery of damages, this court would apply Pennsylvania's substantive law with respect to the recovery of those damages. Therefore, there is no reason to permit Ohio's substantive contract law to govern the within action.

For the foregoing reasons we sustain appellant's assignment of error and accordingly reverse the judgment of the trial court.

*Judgment reversed.*

O'NEILL, P.J., and COX, J., concur.