AMON, Appellee,

v.

**GRANGE MUTUAL CASUALTY COMPANY, Appellant.**

[Cite as *Amon v. Grange Mut. Cas. Co.* (1996), 112 Ohio App.3d 407.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5243.

Decided July 8, 1996.

*Martin F. White,* for appellee.

*William J. Meola,* for appellant.

---

NADER, Judge.

This is an appeal from the judgment of the Trumbull County Court of Common Pleas declaring that appellee, Dacie Amon, is entitled to recover up to the limits of her coverage under the underinsurance provision of her automobile insurance policy issued by appellant, Grange Mutual Casualty Company, as compensation for the damages she suffered as a result of the death of her son.

On August 4, 1992, appellee commenced the instant declaratory judgment action, seeking a declaration as to her rights under her insurance contract with appellant. Appellant subsequently filed an answer and a counterclaim, contending that underinsured motorist coverage was not available to appellee as a result of her son's wrongful death.

On January 29, 1993, the parties submitted the following stipulations of fact:

"1.  A justiciable controversy exists * * *.

"2.  Plaintiff Dacie Amon resides * * * [in] Southington, Ohio.

"3.  Plaintiff Dacie Amon is the mother of William R. Sutton.

"4.  On June 5, 1991, an accident occurred in Lafourche, Louisiana involving vehicles operated by William R. Sutton and James A. Breaux.

"5.  The June 5, 1991 collision between the vehicles operated by William R. Sutton and James A. Breaux was the result of James A. Breaux'[s] negligence.

"6.  William R. Sutton suffered fatal injuries in the accident of June 5, 1991.

"7. Plaintiff Dacie Amon was not personally involved in the June 5, 1991 accident and she did not suffer bodily injury as a result of the June 5, 1991 accident.

"8. At the time of the June 5, 1991 accident, William R. Sutton was 39 years old. At the time of the June 5, 1991 accident, William R. Sutton was not a resident of plaintiff Dacie Amon's household * * * [in] Southington, Ohio or a resident of the state of Ohio. At the time of the June 5, 1991 accident, William R. Sutton had no permanent residence.

"9. At the time of the June 5, 1991 accident, James A. Breaux was a resident of Houma, Louisiana.

"10. At the time of his death, William R. Sutton was survived by a son, William P. Garrison.

"11. At the time of the June 5, 1991 accident * * * plaintiff Dacie Amon had a Personal Auto Policy of insurance issued by defendant Grange Mutual Casualty Company, which policy listed Dacie Amon * * * [of] Southington, Ohio as the named insured.

"12. The policy of insurance * * * is known as policy no. 5089967 * * *.

"13. On June 5, 1991, William R. Sutton was not an insured as defined by policy no. 5089967 and the vehicle that he was operating when the accident occurred was not an insured vehicle as defined by [this] policy * * *.

"14. With respect to the June 5, 1991 accident * * *, the vehicle operated by James A. Breaux was an underinsured vehicle and James A. Breaux was an underinsured motorist as contemplated by policy no. 5089967."

The uninsured/underinsured motorists coverage of the policy states, "We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury caused by an accident."

On May 3, 1993, the case was referred to a referee. The parties submitted the case to the referee solely upon the briefs. On December 21, 1994, the referee issued a report in which it was concluded that the substantive law of Louisiana applied in determining whether appellee was legally entitled to recover from the tortfeasor and, consequently, whether the underinsured motorist benefits of the insurance policy were available to appellee. The referee further concluded that only the decedent's son was entitled to recover under Louisiana law for the wrongful death of the decedent.

Appellee filed objections to the referee's report on January 6, 1995. On January 27, 1995, the trial court held an oral hearing on the objections. On April 11, 1995, the trial court issued its judgment sustaining the objections. The trial

court concurred with the referee's conclusion that application of Louisiana law would bar recovery under the underinsured provisions of the policy. The trial court's judgment entry declared, however, that the substantive law of Ohio applied and that Ohio law recognized appellee's right to recover the damages suffered as a result of her son's wrongful death. The entry further declared that appellee was entitled to recover up to the policy limits of her underinsurance coverage and that appellant was not entitled to a setoff for any portion of the $10,000 in wrongful death proceeds received by the decedent's estate, which was established in Trumbull County, Ohio.

Appellant has filed a timely appeal and advances one assignment of error:

"The trial court erred to the prejudice of defendant-appellant Grange Mutual Casualty Company when it held that Ohio tort law, and not Louisiana tort law, governed whether plaintiff-appellee Dacie Amon was legally entitled to recover for the wrongful death of William R. Sutton and, therefore, was entitled to underinsured motorist benefits because the trial court's determination, declaration and judgment were contrary to law."

In reaching its decision, the trial court relied upon *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 15 OBR 463, 474 N.E.2d 286, the seminal case involving choice-of-law principles. In *Morgan* at 342, 15 OBR at 465–466, 474 N.E.2d at 289, the Supreme Court of Ohio adopted the approach endorsed by the Restatement of the Law 2d, Conflict of Laws (1971):

"When confronted with a choice-of-law issue in a tort action under the Restatement of the Law of Conflicts view, analysis must begin with Section 146. Pursuant to this section, a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider the general principles set forth in Section 145. The factors within this section are: (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 which the court may deem relevant to the litigation. All of these factors are to be evaluated according to their relative importance to the case." (Footnotes omitted.)

Applying the above factors to the instant case, the trial court concluded that Ohio's relationship to the lawsuit is significant enough to overcome the presumption that the law of the place of the injury controls. In reaching its conclusion, the court noted that appellee is an Ohio resident, that the policy of insurance was issued in Ohio by an Ohio insurance company, that the estate of the decedent was

established in an Ohio probate court, and that the administrator of the estate and all of the decedent's survivors are Ohio residents. The court further stated that the place of the accident was inconsequential to appellee's claim.

The Supreme Court of Ohio further discussed the Restatement of the Law of Conflicts approach in *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 246, 581 N.E.2d 533, 537, stating that it "creates a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. Comment *d* to Section 146 emphasizes that the state in which both the conduct and the injury occur has the dominant interest in regulating that conduct, determining whether it is tortious in character, and determining whether the interest is entitled to legal protection."

It is our conclusion that the trial court misapplied the Restatement factors by focusing upon the insurance contract rather than the tort, *i.e.,* the relationship between the insured and insurer instead of the injured party and the tortfeasor. Under a proper analysis, the first two Restatement factors set forth in *Morgan* clearly favor application of Louisiana tort law. The third factor favors neither forum. Appellee is an Ohio resident and appellant is an Ohio corporation; however, the decedent had no permanent residence, and the tortfeasor was a resident of Louisiana. See *Nationwide Ins. Co. v. Fryer* (1990), 62 Ohio App.3d 905, 908, 577 N.E.2d 746, 748. The fourth factor supports application of Louisiana law because Louisiana is the place where the relationship, if any, between appellee and the tortfeasor is located. *Id.*

Louisiana has the dominating interest in determining whether James Breaux's conduct was tortious in character and whether appellee's interest is entitled to legal protection. We conclude that Ohio's interest is insignificant and is insufficient to overcome the presumption that Louisiana's tort law applies.

■ The more fundamental issue in this case is whether appellee is legally entitled to recover from the tortfeasor. The insurance contract between appellee and appellant states that appellant will pay damages "which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury caused by an accident." This language tracks the language of R.C. 3937.18, which requires the provision of uninsured/underinsured motorist coverage. In *State Farm Auto Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 400, 583 N.E.2d 309, 312, the Supreme Court of Ohio stated:

"R.C. 3937.18(A)(1) and (2) are premised on the tortfeasor's *legal liability* to the injured insured. See *Kurent v. Farmers Ins. of Columbus* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533. Thus, the intent of the statute is to provide uninsured and underinsured motorist coverage for injured persons who have a legal cause of action against a tortfeasor but who are uncompensated because the tortfeasor is

either (1) not covered by liability insurance or (2) covered in an amount that is less than the insured's uninsured motorist coverage." (Emphasis *sic*.)

█ The uninsured/underinsured provision in appellee's policy, in effect, provides liability coverage for a tortfeasor to cover the tortfeasor's obligations, not an indemnity policy to cover the policyholder's loss.

R.C. 2125.01, in turn, states:

"When death is caused by a wrongful act, neglect, or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state."

Louisiana does not recognize appellee's right to maintain an action and recover damages for the decedent's death; therefore, appellee possesses no right of recovery which may be enforced in either state.

The tortfeasor in this case has no legal liability to appellee. Appellee cannot prevail in an action brought in Ohio or Louisiana; therefore, whether the tortfeasor has liability insurance is actually immaterial to appellee. While the decedent's estate and son had a legal claim against the tortfeasor, appellee does not. Because appellee does not have a legal claim against the tortfeasor, there is no coverage under the uninsured/underinsured provision of her insurance contract.

A contrary result would deprive appellant of a major provision of its policy and its subrogation rights. In *Kurent*, 62 Ohio St.3d at 247, 581 N.E.2d at 537, the Supreme Court of Ohio noted:

"The Kurents have no claim against Karczewski to which Farmers can be subrogated. To hold that Farmers must pay uninsured motorist coverage to the Kurents in the absence of subrogation rights would be contrary to the intent which underlies R.C. 3937.18. Further, such a holding would deprive Farmers of rights for which it contracted."

Requiring appellant to pay underinsured benefits to appellee in this circumstance where appellant would have no subrogation rights against the tortfeasor would contravene the intent underlying R.C. 3937.18 and deprive appellant of rights for which it contracted. See, also, *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 65, 562 N.E.2d 132, 135; *Paskel v. Allstate Ins. Co.* (Apr. 12, 1996), Trumbull App. No. 95–T–5270, unreported, 1996 WL 207680.

Pursuant to the foregoing, the assignment of error has merit, and the judgment of the trial court is hereby reversed and judgment is entered for appellant.

*Judgment reversed.*

CHRISTLEY, P.J., and JOSEPH E. MAHONEY, J., concur.