OPINION
The opinions in case Nos. 98-JE-22 and 98-CO-43 have been combined in the interest of judicial economy since the issue in both cases is identical.
 FACTS CASE NO. 98-JE-22 — WESTFALL v. NATIONWIDE
This timely appeal arises out of the trial court's dismissal of plaintiff-appellant's complaint, whereby appellant had filed suit against appellee for an underinsured motorist coverage claim.
The facts indicate that on February 25, 1996, appellant's decedent, an Ohio resident, died in a one vehicle auto accident in West Virginia. Appellant's decedent was a passenger in the vehicle and the accident was the result of the negligence of the driver, a West Virginia resident.
On December 16, 1997, appellants filed a civil complaint against appellees on an underinsured motorist claim, automobile collision claim, wrongful death claim and a negligent claim.
At the time of the accident the driver had liability insurance in the amount of $50,000.00 per person. Appellant's decedent had underinsured coverage of $12,500.00 per person. The appellant, mother of the deceased, also had underinsured motorist coverage of $50,000.00 per person. Both the appellant and the appellant's decedent contracted for their insurance in the State of Ohio, their respective residences.
Appellee, Nationwide Insurance Company, the insurance carrier for the driver, has paid its full policy limit of $50,000.00 on that claim.
At the time of the accident, Howard Westfall, an Ohio resident, the stepfather of the decedent, had in full force and effect a policy, contracted for in the State of Ohio, through appellee, Nationwide Insurance Company for $50,000.00 per person underinsured motorist coverage benefits and $100,000.00 per accident underinsured coverage. The appellant and the decedent were insureds under this policy.
Appellee, Progressive Insurance Company, had a policy contracted for in the State of Ohio for underinsured coverage for $12,500.00 with the decedent.
After the complaint was filed, appellees filed their answers and the parties participated in discovery. On January 20, 1998, appellees filed a motion to dismiss appellants' complaint pursuant to Civ.R. 12 (B) (6), arguing that Ohio law precluded underinsured motorist coverage benefits to the appellants. Pursuant to the Motion to Dismiss, the parties agreed that under Ohio law (if applicable) that the plaintiffs would have no claim by reason of the fact that plaintiffs' underinsured coverage is offset by the tortfeasor's liability coverage. The parties also agreed that underinsured motorist coverage in the State of West Virginia is "excess coverage" and that under West Virginia law plaintiffs could stack their underinsured motorist coverage on top of the tortfeasor's liability coverage.
On April 1, 1998, the trial court dismissed the plaintiffs' complaint ruling that the defendants' liability to the plaintiff sounds in contract, not tort, and is governed by the laws of Ohio where the contract was issued. Since the Ohio law prohibits stacking under R.C. 3937.18, the defendant was entitled to offset the tortfeasor's $50,000.00 liability insurance coverage payment from the plaintiffs' $50,000.00 and $12,500.00 underinsured motorist coverage leaving a zero balance available to plaintiffs.
This instant appeal followed.
 CASE NO. 98-CO-43 — FETTY v. NATIONWIDE
This timely appeal arises out of the trial court's decision denying appellant, Nationwide Insurance Company's, motion for summary judgment and granting summary judgment for appellee, wherein appellee filed a lawsuit for declaratory judgment asking the court to declare her entitled to underinsured motorist coverage from appellant.
The facts indicate that on January 7, 1996, appellee was operating her motor vehicle on State Rte. 2, Hancock County, West Virginia. Another motorist crossed the center line, causing a collision with appellee's vehicle. As a result of the collision and the other driver's negligence, appellee was injured and suffered damages. Appellee has received $25,000.00 from the tortfeasor, the limits of that individual's automobile liability insurance.
At the time of the accident, appellee was covered by a Nationwide auto policy providing underinsured motorist coverage with policy limits of $12,500.00 per person and $25,000.00 per accident. Both appellant and appellee are residents of Ohio. The insurance policy purchased from appellant by appellee was purchased in Ohio for vehicles owned by appellee and situated at her residence in Ohio.
A complaint for declaratory judgment was filed by appellee asking the trial court to declare appellee/plaintiff entitled to underinsured motorist coverage from appellant. Both parties subsequently filed motions for summary judgment.
The trial court, in its May 12, 1998 judgment entry granting summary judgment for the appellee, found that appellee was entitled to underinsured motorist coverage and that the laws of West Virginia applied in this case. The trial court based its decision upon Kurent v. Farmers Ins. of Columbus, Inc.
(1991), 62 Ohio St.3d 242 and this court's decision inNationwide Insurance co. v. Fryer (1990), 62 Ohio App.3d 905.
This instant appeal followed.
 ISSUES
The issue presented in these appeals is a "choice of law" issue as to whether the entitlement to underinsured motorist benefits is a question arising out of a tort claim or of a contract interpretation. If the entitlement to underinsured benefits arises out of a tort claim, where the law of the place of the accident may control, all plaintiffs in our cases may be entitled to underinsured motorist coverage, since West Virginia law allows "stacking" of underinsured coverage benefits. On the other hand, if entitlement to underinsured coverage is a matter of contract interpretation, Ohio law would apply, and neither plaintiff would be entitled to the underinsured coverage, since Ohio law prohibits "stacking" under R.C. 3937.18 (A) (2), and only provides for "gap" coverage.
Both insureds in these cases have also alleged that S.B. 20 which limited R.C. 3937.18 underinsured coverage to "gap" type coverage is unconstitutional.
 LAW
Both plaintiff/insureds cite extensively to the cases ofMorgan v. Biro Mfg. Co. (1984), 15 Ohio St.3d 339,Kurent v. Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242
and Nationwide Ins. Co. v. Fryer (1990),62 Ohio App.3d 905. The Morgan case did not involve underinsured motorist coverage. Morgan dealt with a "choice of law" analysis in a tort action dealing with a defective product issue. In theKurent case, the Ohio Supreme Court recognized that an insured's claim for underinsured benefits under his or her policy is essentially one determined by the contractual relationship between the insured and the insurance company. The court went on to note that when the contracting parties' rights and obligations turn on the existence or non-existence of tort liability between the insured and a third party tortfeasor, that a tort law analysis is appropriate.
In the Fryer case, this court had applied Pennsylvania tort law rather than Ohio contract law in a case very similar in nature to the cases now before this court.
In the recent case of Salem Community Hospital v. StateFarm Insurance Co. (February 23, 1999), Columbiana App. No. 97-CO-33, unreported, this court held in relevant part:
 "Our decision in Fryer has been overruled to the extent that subsequent case law has made clear that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339. Although a tortious injury is the underlying basis for a UN/UIM claim, since the UM/UIM claim basically seeks to determine an insured's contractual rights against the insurer, the action itself sounds in contract rather than tort. Wilson v. Nationwide Ins. Co. (November 20, 1997), Cuyahoga App. No. 71734, unreported. In deciding choice of law questions involving contracts for insurance the following factors should be taken into account: (1) the place of contracting; (2) the place of negotiations of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. Nationwide Mut. Ins. Co. v. Ferrin
(1986), 21 Ohio St.3d 43, 44-45."
In the instant cases the contracts were entered into and negotiated in Ohio, and the performance of the contract (payment of the underinsured motorist benefits) is to be in Ohio. Also plaintiffs/insureds are from Ohio and defendant/insurer is also an Ohio corporation. Therefore, the law of Ohio governing contracts is dispositive of this issue.
Ohio law allows the appellees to "set off" underinsured motorist coverage against the amount already paid by the tortfeasor's insurance coverage, and does not allow "stacking" of insurance coverage.
In the case of Hillyer v. Great Am. Ins. Co. (1999),85 Ohio St.3d 410, Justice Stratton, in a dissenting opinion, noted in part:
 "Historically, this court has distinguished between uninsured/underinsured motorist coverage, which sounds in contract, and liability coverage, which sounds in tort. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339
* * *."
From all of the above, it is clear that Ohio law for uninsured/underinsured motorist coverage is determined by the contractual relationship between the insured and the insurance company.
The plaintiff/insureds' allegation that Am.Sub.S.B. No. 20, 145 Ohio Laws, Part I, 204, 210 ("Senate Bill 20") is unconstitutional, is without merit. Senate Bill 20 and R.C.3937.18 (A) (2) was found to be constitutional in Beagle v.Walden (1997), 78 Ohio St.3d 59.
 HOLDINGS CASE NO. 98-JE-22 — WESTFALL v. NATIONWIDE
For the reasons cited above, the appellees are entitled to offset the tortfeasor's $50,000.00 liability insurance coverage/payment from the appellants' $50,000.00 and $12,500.00 underinsured motorist coverage leaving a zero balance due to the appellants.
Judgment of the trial court is affirmed.
 CASE NO. 98-CO-43 — FETTY v. NATIONWIDE
For the reasons cited above, the decision of the trial court granting appellee's motion for summary judgment is reversed. Since in this case the tortfeasor's liability coverage exceeded the appellee's underinsured coverage, the appellee received the maximum amount under her insurance policy with the appellant, there remains no genuine issue as to any material fact and judgment is hereby entered in favor of appellant.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ EDWARD A. COX, PRESIDING JUDGE