OPINION
This timely appeal arises from the decision of the Columbiana County Court of Common Pleas granting summary judgment to Appellee, State Farm Mutual Automobile Insurance Company. For the following reasons, we affirm the decision of the trial court.
The facts of this case are not in dispute. On October 25, 1994, Jesse R. Jordan (decedent) died as a result of injuries he sustained in an automobile accident with an uninsured motorist. The accident occurred in Columbiana County, Ohio. Appellant Winfred Jordan is the son of the decedent. His children are also parties appellant in this matter, however, since their claims are derivative of those of their father, they will not be addressed herein. At all relevant times, Appellant was a resident of West Virginia while the decedent was a resident of Ohio. Appellant was not the owner, driver nor occupant of the vehicle in which the decedent died.
In August of 1994, Appellant renewed an automobile insurance policy with Appellee which included uninsured (UM) motorist coverage. Subsequent to the accident which caused his father's death, Appellant claimed entitlement to compensation under the UM clause of his own policy, stating that the decedent's death constituted a loss under the policy to both himself and his minor children. During discovery, Appellee requested that Appellant admit that he was a resident of the State of West Virginia at all relevant times; that he purchased the policy in West Virginia; that the insured vehicle was registered and principally garaged in West Virginia and that the agent from whom he purchased the policy was located in West Virginia. Appellant did not answer this request.
Appellee moved for summary judgment arguing that the matter involved a contract dispute under the insurance policy and that West Virginia law applied to bar Appellant's suit. Appellant opposed the motion, arguing that the matter revolved around a tort action and, thus, Ohio law applied to permit the UM claim. In a judgement entry filed on August 25, 1998, the trial court sustained Appellee's motion, stating that the dispute sounded in contract law and that the substantive law of West Virginia applied. The court found that under West Virginia law, a wrongful death beneficiary's UM claims are derivative in nature. Due to this, Appellant's claim was not covered by the insurance policy.
Appellant filed his notice of appeal on September 11, 1998. His sole assignment of error alleges:
 "THE TRIAL COURT PREJUDICIALLY ERRED AS A MATTER OF LAW IN APPLYING THE LAW OF THE STATE OF WEST VIRGINIA TO THIS ACTION WHERE THE AUTOMOBILE ACCIDENT OCCURRED IN THE STATE OF OHIO, THE APPELLEE WAS LICENSED TO DO BUSINESS UNDER THE LAWS OF THE STATE OF OHIO, THE DECEDENT WAS AN OHIO RESIDENT, AND THE ISSUES PRESENTED HEREIN ARISE OUT OF A TORT CLAIM; THEREFORE THE INJURED PARTIES ARE ENTITLED TO UNDERINSURED [sic] MOTORIST BENEFITS FOR WRONGFUL DEATH DAMAGES IN ACCORDANCE WITH THE LAW OF THE STATE OF OHIO WHERE THE ACCIDENT OCCURRED."
Appellant argues that this matter sounds in tort and the analysis set forth in Morgan v. Biro Mfg. Co. (1984), 15 Ohio St.3d 339
339, applies. In Morgan, the Ohio Supreme Court adopted the analysis of the Restatement of the Law 2d, Conflict of Laws (1971) which requires that when a choice of law question arises in a tort action:
 "* * * a presumption is created that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the lawsuit. To determine the state with the most significant relationship, a court must then proceed to consider * * * (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors * * * which the court may deem relevant to the litigation."
Morgan v. Biro Mfg. Co., 342. Applying the above factors, Appellant concludes that in addition to the presumption that Ohio law is controlling, Ohio has the most significant interest in the claim. Appellant states that the conduct causing the injury and the injury itself occurred in Ohio; Appellant is a resident of West Virginia while Appellee is an Illinois corporation doing business in Ohio and West Virginia and that Appellant had close ties with Ohio and frequently visited relatives in Columbiana County. Appellant also argues that Ohio's strong public policy must be considered in the Morgan analysis. This argument is based on the premise that Ohio law provides that a UM claim related to a wrongful death action is a separate action for which separate damages are to be recovered by the injured parties, in this case, Appellant's insurance policy. Appellant contrasts this with West Virginia law, which provides that such a claim is derivative only, flowing from the injury to the decedent, not from direct injury to the claimant. Appellant argues that the greater protection afforded Ohio citizens injured as a result of a death of a relative caused by a tortfeasor should, as a matter of public policy, be extended to a citizen of West Virginia who is injured by the death of a relative caused by an Ohio tortfeasor.
To demonstrate and support the application of the Morgan
analysis, Appellant cites to numerous cases, most notably, our decision in Nationwide Insurance Co. v. Fryer (1990), 62 Ohio App.3d 905. In Fryer, the claimant and her deceased husband resided in Columbiana County. The husband died in an accident in Pennsylvania involving a Pennsylvania tortfeasor. After exhausting the limits of the tortfeasor's insurance policy, the claimant pursued an underinsured (UIM) claim against Nationwide, her own carrier, which denied the claim. In a declaratory judgment action, the trial court held for the insurance company and found that Ohio contract law, which prohibited stacking and not Pennsylvania tort law, which would have allowed the claim, applied. On appeal, we reversed the trial court's decision and found that Pennsylvania tort law applied. Id., 909. We stated that a contract of insurance was not intended to establish what type and to what extent damages should be recoverable. Id., 908. Rather, we held that principles of tort law are to determine damages. Id., 909.
Appellant concludes that based on the above, Ohio's substantive law should apply. Appellant argues that he should be entitled to recover damages for wrongful death under Sexton v. State FarmMut. Auto. Ins. Co. (1982) 69 Ohio St.2d 431, which was the controlling law at the time that Appellant renewed his insurance contract. In Sexton, the court determined that the purpose of UM coverage is to protect individuals from losses which would go uncompensated because of the tortfeasor's lack of sufficient liability coverage. Id., 436. Furthermore, Sexton held that certain family members of a decedent are presumed to have suffered damages under Ohio's wrongful death statute and because of this presumption may then maintain a wrongful death action against an uninsured tortfeasor. Id., 435; R.C. Chapter 2125. See also Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St. 27
which recently underscored the continuing validity of the Sexton
decision.
Appellant's argument that Ohio's substantive law should apply here is not well taken. When reviewing a motion for summary judgment, an appellate court must review the judgment independently with no deference given to the trial court's decision. Bell v. Horton (1996), 113 Ohio App.3d 363, 365. Summary judgment under Civ.R. 56 is proper only where:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346, quoting Temple v. Wean United, Inc. (1977) 50 Ohio St.2d 317,327. In the present matter, there is no dispute as to the material facts. Appellant's failure to answer the request for admissions operated as an admission of the matters sought to be admitted therein and conclusively established these. Civ.R. 36. Therefore we must decide whether Appellee is entitled to judgment based on these facts as a matter of law.
Appellant mistakenly argues that the issue surrounding his claim sounds in tort. Although Appellant correctly recited our holding and analysis in Fryer, supra, we have, since stated that, "[o]ur decision in Fryer has been overruled to the extent that subsequent case law has made clear that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort." Salem Community Hosp. v. StateFarm Ins. Co., (Feb. 23, 1999) Columbiana App. No. 97-CO-33, unreported, 5, citing Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339. We stated further that, "[a]lthough a tortious injury is the underlying basis for a UM/UIM claim, since the UN/UIM claim basically seeks to determine an insured's contractual rights against the insurer, the action itself sounds in contract rather than tort." Salem Community Hosp. v. StateFarm Ins. Co., 5, citing Wilson v. Nationwide Mut. Ins. Co. (Nov. 20, 1997), Cuyahoga App. No. 71734, unreported. Having determined that a UM/UIM claim is a contract cause of action, we determined that, "[i]n deciding choice of law questions involving contracts for insurance the following factors should be taken into account: (1) the place of contracting; (2) the place of negotiations of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties." Salem Community Hosp. v. State FarmIns. Co., 5, citing Nationwide Mut. Ins. Co. v. Ferrin (1986),21 Ohio St.3d 43, 44-45.
In the present case it is undisputed that the parties negotiated and executed the contract in West Virginia. The performance of the contract (proposed payment of UM benefits to Appellant, a West Virginia resident) would be in West Virginia.See, Salem Community Hosp., supra, at 5. The subject matter of the contract, the insured vehicle, was registered and garaged in West Virginia. In addition, Appellant was at all times a resident of West Virginia while Appellee is licensed to do business in West Virginia and Appellee's agent is located in West Virginia. Therefore, West Virginia law governing contracts applies to this matter.
We note at this time the Ohio Supreme Court's recent decision in Csulik v. Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17. The court was faced with a choice of law question involving an insurance policy issued in Ohio and a Pennsylvania tortfeasor. The policy stated that it would pay compensatory damages which were "due by law" but did not state if it referred to Ohio law or the law of the state where the accident occurred. The court concluded that the policy language "due by law" was susceptible to more than one meaning and that the ambiguity must be resolved in favor of the insured. The court remanded the matter for application of Pennsylvania law which favored the insured.
Csulik is clearly distinguishable from the present case. InCsulik, the court noted that the policy specifically set forth conflicting statements as to which state's laws should apply to a claim in certain situations. These conflicting provisions created a blatant ambiguity. The policy provided that, "any terms of the policy which may be in conflict with statutes of the state inwhich the policy is issued are hereby amended to conform"; "arbitration * * * is binding * * * if the award is within the limits of the state financial responsibility laws where your autois principally garaged"; legal action for a UM claim, "* * * must begin within the time limit allowed * * * in the state where theaccident occurred"; and, also with respect to a UM claim, that legal action must be filed "* * * within two years or the timelimit allowed by law: a) for death action if the claim involvesthe death of an insured; or b) for bodily injury actions of theclaim involves injury to an insured but not death. The laws ofthe state in which the accident occurred will determine thesetime limits." Id., 19. (Emphasis in Csulik.)
The Csulik court also noted that, "[t]he contract language sets the state for the insured's claim against the insurer to be controlled by the law of the accident state. No contract language states otherwise. One could logically conclude that the law of the accident state also determines plaintiff's rights under the policy." Id., 20. The court based its decision on the drafter's strong manifestation that a UM/UIM claim be controlled by the law of the state of the accident, despite some contravening attempts to otherwise establish a controlling law.
In the matter before us, there is no attempt by Appellee to establish a controlling state law in any manner, let alone any indication that the law of a particular forum should prevail in a UM/UIM claim. With no indication in the policy that the law of the forum where the loss occurred controls, we cannot say that the policy is susceptible to an interpretation that favors the application of such law which would incidentally benefit Appellant and his children. In the absence of any indication in the contract of any other interpretation, we are left to apply the choice of law analysis as stated above.
Having determined that West Virginia law applies, we must now address the substantive law of that state. In Davis v. Foley
(1995), 457 S.E.2d 532, paragraph 4 of the syllabus, the Supreme Court of Appeals of West Virginia held that, "* * * damages in a wrongful death action arise out of the death of the decedent thereby making a wrongful death action a derivative claim." The decedent's death constitutes a single injury entitling only the decedent's personal representative to bring a cause of action against the tortfeasor. Id.; W.V. Code 55-7-6. Although W.V. Code 55-7-6 provides that certain of a decedent's relatives are entitled to share in damages recovered by a decedent's personal representative, there is no statutory provision, as in Ohio, that specified relatives are presumed to have suffered a separate injury.
The Supreme Court of Appeals of West Virginia has determined that a separate cause of action for wrongful death exists if the policy in question includes language that a wrongful death constitutes a separate bodily injury, not a derivative claim, to the insured. Davis v. Foley, paragraph four of the syllabus. For example, West Virginia would allow Appellant's UIM claim if the policy had included loss of consortium or services under its definition of bodily injury. Dairyland Ins. Co. v. Westfall
(1997), 484 S.E.2d 217, 221.
In the present case, Section III of the insurance policy with respect to both UN and UIM coverage provides that:
 "We will pay damages for bodily injury and property damage an insured is legally entitled to collect from the owner or driver of an [uninsured or underinsured] motor vehicle. The bodily injury or property damage must be caused by accident arising out of the operation, maintenance or use of an [uninsured or underinsured] motor vehicle."
(Emphasis original.) The insurance policy provides at page three that, "Bodily Injury — means bodily injury to a person and sickness, disease or death which results from it." (Emphasis original.)
As the policy does not provide that a derivative wrongful death claim constitutes a separate and distinct injury to the insured, Appellant and thus, his children, have no right to a UM/UIM claim for the wrongful death of Jesse R. Jordan under West Virginia law.
We hold that the trial court was correct in ruling that Appellee is entitled to judgment as a matter of law and in granting Appellee summary judgment. For all the foregoing reasons, Appellant's assignment of error lacks merit and we affirm the decision of the trial court.
DONOFRIO, J., VUKOVICH, J., concurs.
 ________________________________ CHERYL L. WAITE, JUDGE